```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DARIEUS ARCHIBALD,                                              NOT FOR PUBLICATION
                                                                **MEMORANDUM AND ORDER**
                    Plaintiff,                                   17-CV-4413 (PKC)

        -v-

PEOPLE OF THE STATE OF NEW YORK;
MR. DIGREGORIO; QUEENS COUNTY
MUNICIPALITY,
                    Defendants.
----------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

On July 21, 2017, *pro se* Plaintiff Darieus Archibald, who is currently incarcerated at Wyoming Correctional Facility based on a conviction entered in the Supreme Court of the State of New York, Queens County, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons stated below, the Court dismisses this action as duplicative of another action Plaintiff recently commenced in this Court, *Archibald v. People of the State of New York*, No. 17 Civ. 4261 (PKC) (E.D.N.Y. filed July 10, 2017) ("*Archibald I*").

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Co. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)). To determine whether an action is duplicative of a prior action, a court may borrow from the familiar test for claim preclusion to "assess whether the second suit raises issues that should have been brought in the first [one]." *Davis v. Norwalk Economic Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013) (quoting *Curtis*, 226 F.3d at 139-40). Under that test, the Court may dismiss a complaint as duplicative if it clearly arises from the same "nucleus of operative facts" as the first action and involves the "same adverse parties . . . or those in privity

1

with them." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (internal brackets and quotation marks omitted); *see also Davis*, 534 F. App'x at 48 (affirming dismissal of complaint as duplicative based on claim-preclusion analysis).

There is no doubt that Plaintiff's complaint in this action is based on the same "nucleus of operative facts" and involves the "same adverse parties" as Plaintiff's complaint in *Archibald I*. Both complaints are based on Plaintiff's entry into a guilty plea in the Supreme Court of the State of New York, Queens County, on November 15, 2013. (*See Archibald I*, No. 17 Civ. 4261, Dkt. 5 at ECF 5; Dkt. 1 at ECF 3.) Both complaints name the People of the State of New York, a "court appointed attorney," and Queens County. (*See Archibald I*, Dkt. 1 at ECF 3; Dkt. 1 at ECF 2.) Both complaints ask this Court to "look at the big picture" of Plaintiff's conviction, which Plaintiff asserts was wrongfully obtained, and Plaintiff's sentence, which he asserts was excessive. (*See Archibald I*, Dkt. 1 at ECF 5; Dkt. 1 at ECF 5.) Finally, both complaints seek "the sum of $150 million" in damages for Plaintiff's wrongful conviction and excessive sentence. (*Ibid.*) In short, this action is plainly duplicative of *Archibald I*.

## CONCLUSION

For the reasons stated above, the Court dismisses this action without prejudice as duplicative of *Archibald v. People of the State of New York*, No. 17 Civ. 4261 (PKC) (E.D.N.Y. filed July 10, 2017). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 29, 2017
       Brooklyn, New York